United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEAN PAPPAS, et al.,
Plaintiffs,

v.

AMN HEALTHCARE SERVICES, et al.,
Defendants.

Case No. 24-cv-01426-JST

**ORDER DENYING PLAINTIFFS' COMPELLING PLAINTIFFS' CLAIMS TO ARBITRATION, AND STAYING ACTION**

Re: ECF No. 63, 66

Now before the Court are Plaintiffs' motion for leave to file an amended complaint, ECF No. 63, and Defendants' motion to enforce the Ninth Circuit's mandate, ECF No. 66.

Plaintiffs—five travel nurses employed by Defendant AMN Healthcare Services—filed this putative class action on March 8, 2024, alleging violations of the California Labor Code and related employment claims. ECF No. 1. Defendants moved to compel Plaintiffs' individual claims to arbitration based on the arbitration clause in the nurses' employment agreements. ECF No. 21. The Court denied the motion, holding that the arbitration agreement was substantively and procedurally unconscionable and that severance of the arbitration provision was not appropriate. ECF No. 45. Defendants then appealed to the Ninth Circuit. ECF No. 46. The Ninth Circuit reversed, holding that this Court had misinterpreted the arbitration clause and that it was not substantively unconscionable. *Pappas v. AMN Healthcare Servs., Inc.*, No. 25-473, 2025 WL 3720922, at *1 (9th Cir. Dec. 23, 2025). The Ninth Circuit remanded to this Court "for entry of an order granting the motion to compel arbitration." *Id.* at *2.

Plaintiffs now seek to add three new plaintiffs who can assert arguments regarding the invalidity of the AMN arbitration agreement that were not addressed by the Ninth Circuit. ECF No. 63-3 at 5. Defendants seek to "implement the Ninth Circuit's mandate by compelling

arbitration, dismissing the class and collective allegations, and staying further litigation." ECF No. 66 at 6. Each opposes the other's motion.

The Court will grant Defendants' motion and deny Plaintiffs' motion. Now that the Court must refer Plaintiffs' claims to arbitration, the Federal Arbitration Act requires that it also stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Court cannot lift the stay for the purpose of allowing Plaintiffs to add new plaintiffs. *Murphy v. Finish Line, Inc.*, No. 20-CV-05663-WHO, 2021 WL 2166875, at *4 (N.D. Cal. May 27, 2021). "A plaintiff may not pursue class claims as a representative when they are required to arbitrate their own claims." *Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-CV-07332-HSG, 2023 WL 4534946, at *4 (N.D. Cal. June 16, 2023). Nor may the Court grant Plaintiffs' proposed relief before implementing the Ninth Circuit's directive to compel their claims to arbitration.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to file an amended complaint is denied. Defendants' motion to enforce the Ninth Circuit mandate is granted. Defendants' motion to compel arbitration is granted; Plaintiffs are each compelled to resolve their claims by individual arbitration; Plaintiffs' class and collective allegations are dismissed; and the Court stays the entirety of the litigation under Section 3 of the Federal Arbitration Act.

The Clerk shall administratively close the file. This order shall not be considered a dismissal or disposition of the action against any party. If further proceedings become necessary, any party may initiate them in the same manner as if this order had not been entered.

**IT IS SO ORDERED.**

Dated: August 17, 2026

JON S. TIGAR
United States District Judge